# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2018-KA-00239-SCT

*EDWARD LAMAR WARE a/k/a EDWARD WARE*
*a/k/a LITTLE 50*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/30/2018 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: ERIN ELIZABETH BRIGGS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| DISTRICT ATTORNEY: | SCOTT WINSTON COLOM |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 07/25/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE KING, P.J., MAXWELL AND GRIFFIS, JJ.

### GRIFFIS, JUSTICE, FOR THE COURT:

¶1. Edward Lamar Ware was convicted of possession of a weapon by a convicted felon. Ware appealed, and his counsel filed a brief under *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005). Ware's counsel states that she has searched the record but was unable to find any arguable issues for appellate review. Ware was given the opportunity to file a pro se brief, but he declined. We have reviewed the record and find no error. We, therefore, affirm.

### FACTS AND PROCEDURAL HISTORY

¶2. On February 10, 2015, Ware went to Lakeshia Anderson's apartment in Starkville.

Ware and Anderson previously had dated but were no longer in a relationship. When Ware arrived, Anderson who was in her car in the parking lot, was about to drive to the hospital.[1] As Anderson began to leave, Ware pulled out a pistol and pointed it at Anderson's car. As a result, Anderson sped up and continued to the hospital.

¶3. Anderson returned home later that day and went to bed. She awoke to Ware beating on her apartment door. Anderson instructed her children not to answer the door. But, Anderson's youngest daughter opened the door. Anderson gave her purse to her oldest daughter, Ta'Kya, to hide. Ware saw this and an argument occurred.

¶4. Anderson and Ware went into Anderson's bedroom, where Ware hit Anderson in her face. Ta'Kya came into the bedroom to check on her mother but was told to leave. Ta'Kya returned to the bedroom that she shares with her younger sister and called the police. Ta'Kya advised the police that her mother and Ware were arguing and that Ware had hit her mother.

¶5. Officer Pedro Yerra with the Starkville Police Department responded to the call. When Officer Yerra entered the apartment, Anderson advised that Ware was in the back with her daughters and that he possibly had a gun. Officer Yerra walked through the apartment, calling for Ware. Ware responded that he was in the bathroom. After Officer Yerra determined that Ware was not in the bathroom, he again called for Ware. At that time, Officer Yerra realized that Ware was in the bedroom with Anderson's two daughters.

¶6. Officer Yerra saw the two girls in the bedroom but was only able to see a portion of

---

[1] Anderson testified that she was not feeling well and was having chest pains.

the bedroom. Officer Yerra asked one of the girls where Ware was and she responded, "right here" and looked toward the part of the bedroom where Officer Yerra could not see. She further responded that Ware was "hiding a gun."

¶7.     Officer Yerra, now joined by other police officers, asked Ware to come out of the bedroom. After several requests, Ware came out of the bedroom and was apprehended and taken into custody. Officer Yerra went into the bedroom and asked the girls where the gun was located. The girls advised that the gun was in a shoebox in the closet and pointed to the specific shoebox where the gun was located. Officer Yerra recovered the gun. The girls further advised Officer Yerra about a hidden magazine clip, and Officer Yerra recovered it.

¶8.     Following his conviction, Ware was sentenced as a habitual offender under Mississippi Code Section 99-19-81 (Rev. 2015) to serve ten years in the custody of the Mississippi Department of Corrections. Ware filed a motion for a judgment notwithstanding the verdict or, alternatively, a new trial. The motion was denied. Ware timely appealed.

## DISCUSSION

¶9.     In *Lindsey*, this Court implemented the following procedure for cases in which appellate counsel does not believe any arguable issues exist for appellate review:

> (1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)].
>
> (2) As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire

3

trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

(3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.

(4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal.

(5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.

*Lindsey*, 939 So. 2d at 748 (footnotes omitted) (citations omitted).

¶10.    Here, Ware's counsel filed a brief in compliance with Rule 28 and stated that she had "diligently searched the procedural and factual history of this criminal action and scoured the record, searching for any arguable issues which could be presented to the Court on Mr. Ware's behalf, in good faith, for appellate review." Ware's counsel's review included: (a) the reason for Ware's arrest and the circumstances surrounding the arrest; (b) any possible violations of Ware's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; (h) possible misapplication of the law in sentencing; (i) the indictment and all pleadings in the record; (j) any possible ineffective assistance of counsel issues; and (k) any other possible reviewable issues. Ware's counsel concluded that there were no issues that she could, in good faith, present to this Court for appellate review.

4

¶11.    Ware's counsel sent a copy of the brief to Ware and informed him that although she found no arguable issues in the record, he had the right to file a pro se brief.  The record shows that Ware was given forty days but that he did not file a brief.

¶12.    We have independently reviewed the record and find no arguable issues that require supplemental briefing or further review.  Accordingly, the trial court's judgment is affirmed.

¶13.    **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**